# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Donald Butler,                                    Civil No.: 15-3816 (JRT/SER)


                            Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

Grand Prairie Police Department,

Steve Dye, Chief of Police, in his official
and individual capacity, and

Officer Miles, badge number 484,
in his individual capacity as a police officer,


                            Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

This case is before the undersigned on Plaintiff Donald Butler's ("Butler") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2], as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends denial of Butler's IFP Application and summary dismissal of this action without prejudice.

## I.   BACKGROUND

Butler filed his complaint in this action on October 5, 2015. (Civil Compl., "Compl.") [Doc. No. 1], seeking redress under 42 U.S.C. § 1983 for alleged violations of his rights under "the Texas and United States Constitutions, and under state and federal law." (Compl. at p. 2).[1] The events giving rise to Butler's lawsuit stem from an alleged encounter between Butler and a "white

---

[1]     The Court refers to pages of the Complaint when no numbered paragraphs are provided and when citing to the "Claim for Relief" and "Prayer for Relief" sections of the Complaint.

police officer" and a "black police officer" in Grand Prairie, Texas, on February 20, 2015. (Compl. ¶¶ 9, 18–24). Specifically, Butler alleges that while he was driving in Grand Prairie, he was closely followed by a police vehicle to the point that he "believe[d] th[e] . . . Police Squad vehicle was about to ram him from behind." (*Id.* ¶¶ 9, 12). Butler further alleges that he was ultimately stopped by officers for no reason and that officers refused to answer his questions about why he was stopped, "interrogate[d]" him about why he was "upset," asked him "how he like[d] Texas," and asked him "how long he plan[ned] to live" in Texas. (*Id.* ¶¶ 18–24). "[T]his incident lasted 25 to 30 minutes." (*Id.* ¶ 23). Butler asserts that he was in Texas visiting his "sick sister and family," and was inappropriately "ticketed for failing to obtain a Texas Driver's License and Texas Licence Plates" because he "has never resided anywhere in Texas nor chose [Texas] to be his permanent home." (*Id.* ¶ 24).

Butler is presently attempting to sue the Grand Prairie Police Department; Steve Dye ("Dye"), the Chief of the Grand Prairie Police Department; and Officer Miles ("Miles"), "Badge #484," who Butler asserts is "employed as a police officer."[2] (*Id.* ¶¶ 3, 5). While the caption and discussion of the parties in the Complaint refer to Dye and Miles, Butler's description of the facts underlying his claim refer only to a "white police officer" and a "black police officer." *See* (Compl. ¶¶ 3, 5, 18, 20, 22). It is therefore unclear from the Complaint what alleged facts, if any, connect the Grand Prairie Police Department, Dye, and/or Miles to the alleged February 20, 2015 traffic stop. *See generally* (*id.*).[3] Nonetheless, Butler alleges that Defendants violated his rights to equal protection and due process, and that Defendants engaged in "racial profiling, racial

---

[2]     The Court refers to the Grand Prairie Police Department, Dye, and Miles collectively as "Defendants."

[3]     *See also Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985) (concluding that complaint did not allege any facts to support exercise of jurisdiction over person in supervisory role where the allegations did not "refer to personal involvement" in or knowledge of the complained-of conduct by the person in the supervisory role).

discrimination, and harassment." (*Id.* at p. 2, 7).[4]

Butler requests the following relief: (1) "[r]eimbursement of traffic citation fees"; (2) an injunction to "restrict and/or cause to desist or to change [the] reason" for traffic stops to prevent harassment and racial profiling; (3) an injunction requiring that drivers be informed about the reasons for a traffic stop "without delay[]" so as to prevent an officer from disguising or manufacturing the reasons for the stop; (4) compensatory damages in the amount of $60,000; and (5) punitive damages in the amount of $35,000. (Compl. at p. 7).

## II.   DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the applicant filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

In this case, the Court concludes that Butler has failed to plead an actionable claim for relief that can be entertained in the District of Minnesota. All of the claims presented in Butler's Complaint are based on alleged events that occurred in Texas. *See* (Compl.). Furthermore, all Defendants are located in Texas. *See* (*id.*). The Court must therefore consider whether Butler's claims against Defendants should be summarily dismissed for lack of personal jurisdiction.

---

[4]      Butler's reference to claims based on racial profiling and racial discrimination appear to be based, at least in part, on Texas state statues, copies of which Butler has attached as exhibits to his Complaint. *See* (Ex. to Compl.) [Doc. No. 1-1 at 3–4]. The statutes Butler relies on provide, *inter alia*, that "a peace officer may not engage in racial profiling," require law enforcement agencies to establish "a process by which an individual may file a complaint **with the agency** if the individual believes that a peace officer employed by the agency has engaged in racial profiling with respect to the individual," and calls for the collection of data related to motor vehicle stops. (*Id.*) (emphasis added). It is not clear, however, that these provisions create a private right of action. *See* (*id.*). Thus, the nature of any claim by Butler that is based on Texas state statutes is unclear. Similarly, to the extent Butler intends to raise a claim under the Texas Constitution, he does not specify the constitutional provision under which his claim arises.

A two-step analysis is used to determine whether a federal court can properly exercise personal jurisdiction over a defendant. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can be exercised properly under the law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." *Id*. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." *Id*. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." *Id*. Thus, the two-step analysis collapses into one question: whether this Court can exercise personal jurisdiction over Defendants without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." *Id*. (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" *Northrup King*, 51 F.3d at 1387 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980)).

In this case, the Complaint does not describe any contact or connection of any kind between Defendants and Minnesota. Furthermore, no facts alleged in the Complaint show that any of Butler's claims are based on anything any of the Defendants did within Minnesota. Indeed, Defendants are limited to a police department in Texas and Texas law enforcement officers, and all of the allegations in the Complaint are based on events that occurred in Texas. *See* (Compl. ¶¶ 7, 9–24) (describing in "Facts" section of Complaint only events that occurred in Grand Prairie, Texas); *see also* (*id.* ¶¶ 2–3) (stating that the Grand Prairie Police Department is "organized under

the laws of the state of Texas" and stating that Dye is "the Chief of the Grand Prairie Police Department").[5] Thus, no proper basis for exercising personal jurisdiction over any of the Defendants in Minnesota exists.

When an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may, *sua sponte*, dismiss the action summarily. *Sanders*, 760 F.2d at 871–72; *see also Martin-Trigona v. Smith*, 712 F.2d 1421, 1424 (D.C. Cir. 1983). Alternatively, the Court may transfer the action to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997) (citing *In re Apex Oil Co.*, 884 F.2d 343, 346 (8th Cir. 1989); *Hempstead County & Nevada County Project v. U.S. E.P.A.*, 700 F.2d 459, 463 (8th Cir. 1983)). Therefore, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper forum before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. *See Gunn*, 118 F.3d at 1240 (concluding that transfer pursuant to § 1631 not required where plaintiff could

---

[5]    With regard to Miles, Butler only alleges that he is "employed as a police officer" and "act[ed] under color of law." (*Id.* ¶ 5). While this does not explicitly connect Miles to Texas, it certainly does not demonstrate any contact or connection of any kind between Miles and Minnesota.

still bring a timely action in a proper court); *cf. Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp. 2d 993, 999 (D. Neb. 1998) (transferring case to court that had personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

Here, the only claims that the Court can clearly discern at this time are Butler's federal constitutional claims for which he seeks redress under § 1983. (Compl. at p. 1); *see supra* n.4. Section 1983 "claims are best characterized as tort claims for personal injury" and "the state statute of limitations for personal injuries" is applied to those claims. *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985)). "In Texas"—where a court would likely have personal jurisdiction over the defendants Butler seeks to sue—"the pertinent limitations period is two years as provided in Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)." *Roberts v. Revell*, Civil No. 7:12-cv-211-O, 2015 WL 1540927, at *2 (N.D. Tex. Apr. 3, 2015) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 514, n.5 (5th Cir. 1995); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). Any claim asserted by Butler arose at the earliest on February 20, 2015, when the events giving rise to his claims occurred. (Compl. ¶ 9); *see Roberts*, 2015 WL 1540927, at *2 (noting that under relevant Texas law, the two-year statute of limitations period runs from the time the "cause of action accrues"). Therefore, not even one year has passed since the earliest date on which Butler's claims could have accrued, giving Butler ample time under the two-year statute of limitations to commence a new action in the appropriate court. Consequently, the Court finds no reason to believe that dismissing this action will have any statute of limitations significance.[6] For this reason, the Court concludes that it would be preferable

---

[6]     While the nature of any claim Butler seeks to raise under the Texas Constitution or Texas state statutes is somewhat unclear, it seems unlikely that any such claim is subject to a limitations period that is shorter than one year. Because the events giving rise to Butler's claims occurred only

to dismiss Butler's current lawsuit, without prejudice, rather than transfer this action to another district pursuant to 28 U.S.C. § 1631.

## III.    CONCLUSION

For the reasons discussed above, the Court recommends that this action be summarily dismissed, without prejudice, for lack of personal jurisdiction.[7] Having determined that this action should be summarily dismissed, the Court will further recommend that Butler's IFP Application be denied. *See Sanders*, 760 F.2d at 871–72; 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff Donald Butler's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED**; and

2.    This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated:   October 23, 2015                          *s/Steven E. Rau*
                                                   STEVEN E. RAU
                                                   United States Magistrate Judge

---

eight months ago, the Court has no reason to believe that dismissal will have any statute of limitations significance for these other claims.

[7]    Dismissing this action for lack of personal jurisdiction over Defendants will not preclude Butler from pursuing his claims in a new action brought in a court that can properly exercise personal jurisdiction over Defendants. As noted above, however, Butler has done a poor job of demonstrating the connection Defendants have to the events that are the basis for his claims, and the basis for any state law or constitutional claims he seeks to assert is unclear. Given the inadequacies of Butler's current pleading, it would not be prudent to simply refile that pleading in another court.

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.